No. 86-469

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

HI-LINE RADIO FELLOWSHIP,

        Plaintiff and Appellant,

-vs-

DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Twelfth Judicial District,
              In and for the County of Hill,
              The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Douglas B. Kelley, Helena, Montana

    For Respondent:

        Larry G. Schuster, Dept. of Revenue, Helena,
        Montana

Submitted on Briefs: Jan. 22, 1987

Decided: May 27, 1987

Filed: MAY 27 1987

Ethel M. Harrison
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Hi-Line Radio Fellowship appeals an order of the Twelfth Judicial District Court, Hill County, affirming the State Tax Appeal Board's denial of tax exemption status for appellant. We remand to the State Tax Appeal Board (STAB) with instructions to rehear this matter for further development of the record, and a determination of whether the property is exempt under the educational or public charity exemptions.

Appellant Hi-Line Radio Fellowship (Hi-Line) is a non-profit corporation which operates a radio broadcasting business in Havre, Montana. Respondent is the Department of Revenue of the State of Montana (DOR). The present dispute concerns whether Hi-Line's radio broadcasting equipment should be exempt from state taxation.

On January 30, 1984, Hi-Line filed an application with DOR requesting property tax exemption on the basis that Hi-Line's property and equipment was used for religious purposes. Section 15-6-201(1)(b), MCA. DOR denied Hi-Line's tax exemption application on April 2, 1984. On February 28, 1985, Hi-Line submitted an additional application for property tax exemption, claiming the property was used for educational purposes. Section 15-6-201(1)(c), MCA. DOR denied the application on March 26, 1985. On April 18, 1985, Hi-Line appealed the DOR decision to STAB.

On August 5, 1985, Hi-Line was notified that the STAB hearing was set for August 27, 1985, in Havre. By letter dated August 20, 1985, counsel for Hi-Line requested a continuance due to conflict on the hearing date. STAB denied the request for continuance, and the hearing was held as scheduled.

On October 31, 1985, STAB entered findings of fact, conclusions of law, and order which denied Hi-Line's

application for tax exemption. STAB concluded the subject property was not used exclusively for educational purposes as required by § 15-6-201(1)(c), MCA. Hi-Line appealed STAB's decision to District Court. Section 15-2-303, MCA. Following briefing and oral argument by the parties, the District Court entered its order dated July 16, 1986, affirming STAB's decision.

Hi-Line filed a motion for reconsideration and a motion for specific findings of fact and conclusions of law. By order dated August 14, 1986, the District Court denied both motions. Hi-Line appeals and raises the following issues:

1) Whether STAB erred in refusing to continue the August 27, 1985, hearing?

2) Whether the District Court erred in failing to make specific findings of fact and conclusions of law?

3) Whether Hi-Line is entitled to a property tax exemption?

Hi-Line contends STAB abused its discretion by refusing Hi-Line's request for a continuance. STAB sent Hi-Line notice on August 5, 1985, that Hi-Line's appeal hearing would be held in Havre on August 27, 1985. On August 20, 1985, counsel for Hi-Line requested a continuance due to a scheduling conflict. STAB denied the request.

The hearing was held as scheduled. Hi-Line was not represented by an attorney. Hi-Line asserts it was prejudiced by not having an attorney present and that STAB offered no reasonable explanation for denying a continuance. STAB contends it gave proper notice. Section 15-2-301(1), MCA. STAB also contends that tax appeal hearings are informal and an attorney is not necessary because the rules of evidence and discovery are not binding.

There is no statutory provision specifically authorizing grants of continuance by STAB. Due to STAB's appellate

3

powers, however, we find STAB has the inherent authority to grant a continuance upon good cause shown and in furtherance of justice.

A careful review of the record reveals that Hi-Line was woefully unprepared to present its case. As a result, this Court is asked to review STAB's interpretation of § 15-6-201, MCA, based on a record that is incomplete and inadequate. Hi-Line requested a continuance fourteen days after it received notice of the August 27, 1985, hearing. STAB presented no evidence, other than its compliance with minimum notice requirements, to support its denial of Hi-Line's August 20, 1985, motion for continuance. We hold STAB did not act in the "furtherance of justice" when it denied Hi-Line's good faith motion for a continuance. Accordingly, we will not review this matter without further development of the record. We remand to STAB and order STAB to hold a full hearing.

The second issue is whether the District Court erred in failing to make specific findings of fact and conclusions of law. The District Court order affirming STAB's order stated the following: "The Court finds the order of denial is sustained by good and sufficient evidence, and concludes the order of denial should be affirmed . . ." Hi-Line filed a motion for specific findings of fact and conclusions of law pursuant to Rule 52(a), M.R.Civ.P. which was denied by the District Court.

Rule 52(a), M.R.Civ.P. reads in part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon. . .

This issue requires discussion of §§ 15-2-303, 2-4-703 and 2-4-704, MCA.

Judicial review of contested cases decided by the State Tax Appeal Board are in part governed by § 15-2-303, MCA, which provides:

> (4) Notwithstanding the provisions of 2-4-704(1), the court may, for good cause shown, permit additional evidence to be introduced.

Section 2-4-703, MCA, relating to judicial review of contested cases under the "Montana Administrative Procedure Act," provides:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence . . . the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court. [Emphasis supplied.]

Section 2-4-704, MCA, establishes the standard of judicial review of contested MAPA cases:

> (1) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency not shown in the record, proof thereof may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
>
> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced . . .

5

In judicial review of contested cases, the court, as authorized by § 15-2-303(4), MCA, may, on its own initiative based on the record upon which judicial review is requested or upon motion of a party, find good cause and permit additional evidence to be introduced. If the court grants such permission, the court must then make and file as part of the record findings of fact and conclusions of law. Rule 52(a), M.R.Civ.P.

Judicial review of contested MAPA cases, other than those under § 15-2-303, which arise under Title 7, Part 7, of the Montana Administrative Procedure Act, as to receipt of additional evidence, are controlled by § 2-4-703, MCA. Section 2-4-703 requires application prior to the date set for hearing for leave of court to present additional evidence.

The standard of review that applies to MAPA contested cases, § 2-4-704(1), MCA, requires that the review shall be confined to the record. When the court has, under § 2-4-703, MCA, allowed additional evidence to be presented, it will be presented to the agency and not to the court.

However, when additional evidence is presented during review of a STAB decision, such evidence may be introduced before the court. Findings of fact and conclusions of law are then required to be made by the court. Rule 52(a), M.R.Civ.P.

In this case, the District Court did not permit or receive additional evidence. The court's decision was based upon the STAB record, written and oral arguments. Therefore, Rule 52(a) does not apply in this case and written findings and conclusions by the court are not required.

The final issue is whether STAB properly denied Hi-Line's request for property tax exemption based on § 15-6-301, MCA. We are remanding this case for further

development of the record due to STAB's refusal to grant Hi-Line's motion for a continuance; accordingly, we will not review this issue.

Remanded.

_J. A. Turnage_
Chief Justice

We concur:

_John Conway Harrison_

_Fred J. Weber_

_L. C. Gulbrandson_

_John C. Sheehy_

_William E. Hunt Sr._
Justices