No. 86-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

DAN O'NEILL,

        Petitioner and Respondent,

   -vs-

DEPARTMENT OF REVENUE OF THE STATE
OF MONTANA,

        Respondent and Appellant.


APPEAL FROM:  The District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry Schuster argued, Dept. of Revenue, Helena,
        Montana

    For Respondent:

        Dunlap & Caughlan; Deidre Caughlan argued, Butte,
        Montana


                     Submitted: April 29, 1987

                     Decided: June 22, 1987

Filed: JUN 22 1987

*Ethel M. Harrison*
_____
           Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Department of Revenue (DOR) appeals a July 24, 1986, order of the Second Judicial District Court, Silver Bow County. The order reversed the State Tax Appeal Board's valuation of O'Neill's property in 1982, accepted O'Neill's valuation of the property, and ordered that O'Neill's taxes be adjusted accordingly. We vacate and remand to the District Court for further development of the record.

DOR presented five issues for our review:

(1) Did the District Court err by substituting its judgment for that of STAB, thereby exceeding its scope of authority under § 2-4-704, MCA?

(2) Did the District Court err by allowing O'Neill to testify at the judicial review of the STAB decision, without the showing of good cause required by § 15-2-303(4), MCA?

(3) Did the District Court err by allowing O'Neill to supplement the administrative record with an affidavit, without the showing of good cause required by § 15-2-303(4), MCA?

(4) Did the District Court err by infusing its own opinion of O'Neill's property value into its decision?

(5) Did the District Court err by allowing O'Neill to pay his delinquent taxes, without an accompanying payment of accrued penalties and interest?

At oral argument, we also raised the following issue:

(6) Does § 15-7-308, MCA, prohibit DOR from revealing specific information about the relevant comparable sales which DOR used in appraising O'Neill's property?

Daniel O'Neill owns two parcels of commercial real estate on Harrison Avenue in Butte, Montana. The first parcel is an unimproved acre at 3755 Harrison Avenue. The second parcel consists of 7.5 acres containing a motel and

O'Neill's residence at 3655 Harrison Avenue. In 1982, the Department of Revenue valued the first parcel at $63,398 and the second parcel at $166,320, based on the realty transfer certificates of comparable sales in the area.

However, O'Neill asserted that his property values were $18,893 and $79,600, respectively. O'Neill unsuccessfully appealed the DOR valuations to STAB. He then petitioned the District Court for judicial review under the provisions of § 15-2-303(1), MCA, which states: "Any party to an appeal before the state tax appeal board who is aggrieved by a final decision in a contested case is entitled to judicial review under this [301 et seq.] part." The District Court reversed the STAB decision, and DOR appeals.

Issues 1-3

Following its review, the District Court made these findings of fact:

> XII. The the use of [Lescovar Motors, Copper King Inn, and Wendy's Hamburgers] properties for comparable market values is <u>not a true reflection of the market value as the sales are speculative</u> and further (2) of the comparables are too far from the subject properties to be of value in establishing market value in close proximity.
>
> XIII. That such values set for purposes of appraisal of the Plaintiff's property are inconclusive as a test of true market value. <u>It is a personal observa- tion of this Judge that the Plaintiff's property does not generate business comparable to other motels</u>, even minor active motels on Harrison Avenue. One motel larger than Defendant's [sic] motel closes for the winter months because of lack of occupancy. The Butte-Silver Bow business community has lost, as of the date of the appraisal

herein, at least one-third of its there-
tofore business. The Department of
Revenue is clearly wrong and it should
have to make another appraisal. [Empha-
sis added.]

The District Court made the following conclusions of
law:

2. That the system of appraisal using
speculative land purchases as applied is
inconsistent with providing a general
and uniform method of classifying lands
in accordance with true market value
fails to provide an equitable and uni-
form basis of assessment of the Plain-
tiff's property when compared with the
market value of the property.

3. That similar properties in the same
area of Harrison Avenue have been ap-
praised differently as the Plaintiff
demonstrated by comparing his property
to that of the Hamm's Motel.

4. That a review of the entire record
together with the evidence presented at
the hearing indicates that the Board's
denial of the Plaintiff's appeal and
retaining the appraisal value of the
subject property on the tax rolls is
clearly erroneous in view of the reli-
able probative and substantial evidence
on the whole record. [Emphasis added.]

DOR contends that the District Court exceeded its scope
of review under § 2-4-704, MCA. DOR argues that the District
Court has the expertise in ascertaining the law, but STAB has
the expertise in ascertaining the facts. DOR asserts that
STAB, as the trier of fact, was entitled to determine the
proper appraised value of O'Neill's property.

Issues 1, 2 and 3 are interrelated and require discus-
sion of § 2-4-703, § 2-4-704, and § 15-2-303(4), MCA. Our
analysis of these issues begins with the Montana

4

Administrative Procedure Act (MAPA) § 2-4-703, MCA, which requires prior permission of the court before any additional evidence can be presented to an administrative agency:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence . . . <u>the court may order that the additional evidence be taken before the agency upon conditions determined by the court.</u> [Emphasis added.]

Under § 2-4-703, MCA, when the court has allowed such additional evidence, it may be presented to the agency, but not to the court. This limitation accords with the standard of review of contested <u>MAPA</u> cases under § 2-4-704, MCA, which confines the court's review to the record:

> (1) The review shall be conducted by the court without a jury and <u>shall be confined to the record</u> . . . The court, upon request, shall hear oral argument and receive written briefs.
>
> (2) <u>The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.</u> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced . . . [Emphasis added.]

In contrast, the court's review of contested <u>STAB</u> decisions is <u>not</u> confined to the record. Section § 15-2-303(4), MCA provides:

> Notwithstanding the provisions of 2-7-704(1), the court may, for good cause shown, permit additional evidence to be introduced.

In other words, judicial review of <u>MAPA</u> contested cases under § 2-7-704, MCA, is <u>limited</u> to the record, but judicial

5

review of <u>STAB</u> contested cases under § 15-2-303(4), MCA, allows the court to <u>supplement</u> the record. Dept. of Revenue v. Davidson Cattle Co. (Mont. 1980), 620 P.2d 1232, 1235, 37 St.Rep. 2074, 2077. Under § 15-2-303(4), MCA, the court reviewing a STAB decision may, on its own initiative or upon motion of a party, find good cause and allow additional evidence to be introduced before the court. Hi-Line Radio Fellowship v. DOR (Mont. 1987), ___ P.2d ___, 44 St.Rep. 955. Once the additional evidence is introduced into the record, the reviewing court must then make appropriate findings of fact and conclusions of law. Rule 52(a), M.R.Civ.P.

On the day of the hearing on judicial review, O'Neill moved the District Court for leave to introduce additional evidence. The court granted O'Neill's motion, and he then testified about the market value of his property. O'Neill also introduced a Butte title officer's affidavit, which stated that two parcels near J. C. Penney's sold for approximately $20,000/acre, and that one parcel north of Lydia's Restaurant sold for approximately $7,500/acre at a tax sale.

DOR contends that O'Neill failed to show good cause for the addition of his testimony and the affidavit, and that the sudden introduction of the evidence denied DOR the opportunity for effective rebuttal. DOR asserts that O'Neill failed to show that the affiant was unavailable as a witness, and therefore the affidavit was hearsay. DOR further argues that O'Neill had ample opportunities to fully state his case before the Silver Bow Tax Appeal Board and STAB, and that his testimony was unsupported and cumulative.

We find that the showing of good cause under § 15-2-303(4) is permissive, not mandatory. Any legally sufficient reason meets the good cause requirement of § 15-2-303(4), MCA, and such sufficiency lies within the discretion of the reviewing court. Furthermore, the

6

additional evidence is not restricted to the parties. The court can accept evidence from a variety of sources. In the instant case, O'Neill's testimony may have been cumulative, but it was also probative of the market value of the property and thus fulfilled the good cause requirement. The affidavit did not violate the good cause requirement because it offered evidence of comparable sales. The availability of the affiant is a question of credibility, not admissibility. We hold that the District Court properly exercised its discretion under § 15-2-303(4) when it permitted the introduction of O'Neill's testimony and affidavit.

Issue 4

Did the District Court err by infusing its own opinion of O'Neill's property value into its decision?

DOR contends that the District Court, in essence, became a witness and advocate for O'Neill by permitting its personal views to become part of its decision. DOR asserts that a reviewing court should remain an impartial tribunal for all litigants. DOR argues that the court's personal observations are unilateral impressions which cannot be deemed judicially-noticed facts.

Judicial notice of facts is governed by Rule 201(b) of the Montana Rules of Evidence which states: "A fact to be judicially noticed must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

We note that the District Court went far beyond the record when it observed that O'Neill's property does "not generate business comparable to other motels." The District Court's observations could only be verified by the income

7

statements of other motels on Harrison Avenue, or similar specific data. This data would not be "generally known" or "capable of accurate and ready determination." To qualify for judicial notice, an extrinsic fact must lie within the judge's immediate knowledge and not require thorough research.

In the instant case, the District Court's empirical observations pass beyond the scope of judicial notice and border on judicial impression. The observations were not supported by the record, and are not sufficiently indisputable to qualify as judicially-noticed facts. We hold that the District Court erred on this issue.

## Issue 5

Did the District Court err by allowing O'Neill to pay delinquent taxes without an accompanying payment of accrued penalties and interest?

STAB had issued an order staying the collection of all O'Neill's taxes, penalties and interest while O'Neill's appeal was pending before STAB. O'Neill later attempted to pay his delinquent taxes to the Butte-Silver Bow Treasurer, who refused to accept payment of the taxes without an accompanying payment of the accrued penalties and interest. Upon motion by O'Neill on January 17, 1984, the District Court allowed O'Neill to pay his delinquent taxes to the Butte-Silver Bow Treasurer. However, the District Court did not require O'Neill to pay the accrued penalties and interest.

DOR contends that the District Court erred, because the taxpayer is required to pay the disputed portion of the tax under protest before it becomes delinquent. DOR argues that both STAB and the District Court acted beyond the scope of

8

their lawful powers, when they stayed payment of penalties and interest.

Our analysis of this issue is governed by § 15-1-402, MCA, which allows a taxpayer to pay his taxes under protest and recover the amount protested if his challenge is successful. Section 15-1-402(1), MCA, states:

> The person upon whom a tax or license fee is being imposed may . . . <u>before the tax or license fee becomes delinquent</u>, pay under written protest that portion of the tax or license fee protested. The payment must (a) be made to the officer designated and authorized to collect it; and (b) specify the grounds of protest. [Emphasis added.]

A tax becomes delinquent when the taxes are due and not paid. Section 15-16-102, MCA.

We held in Eagle Communications v. Treasurer of Flathead County (Mont. 1984), 685 P.2d 912, 918, 41 St.Rep. 1303, 1311, that the County Treasurer is the officer who collects tax funds under § 15-1-402, MCA. The general rule is that a taxpayer must pay his taxes when due, as a condition precedent for preserving his right to refund of property taxes under § 15-1-402, MCA. <u>Eagle</u> <u>Communications</u>, 685 P.2d at 917. In the instant case, the Butte-Silver Bow Treasurer refused to accept payment of O'Neill's delinquent taxes without an accompanying payment of penalties and interest, because O'Neill failed to comply with the requirements of § 15-1-402, MCA. We hold that the Treasurer properly exercised his authority by refusing payment.

However, we cannot ignore the fact that both STAB and the District Court stayed the payment of penalties and interest by O'Neill. Therefore, we hold that O'Neill is required to pay penalties and interest on his 1982 taxes <u>only</u> to the date that he tendered payment of his 1982 taxes to the

9

Butte-Silver Bow Treasurer. O'Neill's failure to heretofore pay such penalties and interest on his 1982 taxes does not affect his standing to proceed with his contested case.

## Issue 6

Does § 15-7-308, MCA, prohibit the DOR from revealing specific information about the relevant comparable sales which DOR used in appraising O'Neill's property?

Section 15-7-308, MCA, states that the disclosure of information on a realty transfer certificate (RTC) shall be restricted:

> The certificate required by this part and the information therein shall not be a public record and shall be held confidential by the county clerk and recorder, county assessor, and department of revenue. This is because the legislature finds that the demands of individual privacy outweigh the merits of public disclosure.

Throughout these proceedings, DOR asserted that it based O'Neill's tax assessment on data from relevant "comparable sales." This data was extracted from RTCs in the Harrison Avenue area. DOR's case is therefore predicated on the validity and relevancy of those RTCs. Yet, nowhere in the record did DOR reveal any details of the RTCs it used. Without the relevant information from the RTCs, a taxpayer cannot effectively rebut DOR's assessments, the Tax Appeal Board cannot make an informed decision, and the courts cannot conduct an adequate judicial review.

In oral argument before this Court, DOR contended that the confidentiality requirements of § 15-7-308, MCA, precluded DOR's disclosure of RTC information to the taxpayer party, tax boards or reviewing courts.

10

In analyzing § 15-7-308, MCA, we note that the language protects the confidentiality of RTCs when the demand for individual privacy exceeds the merits of public disclosure. However, we must draw a distinction between public disclosure and limited disclosure to the taxpayer party, tax boards and reviewing courts in contested proceedings. When limited disclosure of relevant RTC information is crucial to a fair and informed decision by a tax appeal board or court, such disclosure outweighs individual privacy.

Therefore, in contested tax proceedings, we hold that relevant information from the RTCs shall be disclosed to the taxpayer party, tax boards, and reviewing courts. During the pendency of the proceedings, the RTC information shall not be available to the public. At the conclusion of the contested proceeding, any portion of the record which contains the disclosed RTC information shall be sealed and unavailable for public inspection. Such limited and transient disclosure of RTC information conforms to the confidentiality requirements of § 15-7-308, MCA; while providing the benefits of substantive due process to the taxpayer in a contested case.

Under this holding, a taxpayer may apply to the District Court for a subpoena to compel the DOR to release relevant RTC information, upon which DOR based its comparable sales data. In order to minimize the intrusion into the records, the subpoena must identify the specific information requested by the taxpayer with as much precision as possible. The issuance and scope of the subpoena shall lie within the discretion of the District Court. Any abuse of the subpoena process, or overbroad requests for RTC information, may be prevented by a protective order from STAB or the District Court.

11

We vacate and remand this case to the District Court for further development of the record.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

_____
Honorable Leonard H.
Langen, District Judge

12