No. 05-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 36
_____

| | | |
|---|---|---|
| YVONNE M. OWENS, Licensee, | ) | |
| Dumas Walker's Cowboy Bar & Saloon, | ) | |
| | ) | |
| Petitioner and Appellant, | ) | O P I N I O N |
| | ) | |
| v. | ) | and |
| | ) | |
| MONTANA DEPARTMENT OF | ) | O R D E R |
| REVENUE, | ) | |
| | ) | |
| Respondent and Respondent. | ) | |

_____

¶1   Before this Court is Yvonne Owens' *pro se* appeal from an Order of the District Court for the Eleventh Judicial District, Flathead County, affirming a decision of the Montana Department of Revenue (the DOR) that Owens' bar and casino is within the five-mile boundary distinguishing between city and county all-beverages licenses and, thus, that Owens' county all-beverages license should be revoked. For the reasons set forth herein, we dismiss this appeal without prejudice to the merits.

**PROCEDURAL BACKGROUND**

¶2   The following background is taken from the parties' briefs and is set forth merely to establish the procedural posture of this case. Since we are dismissing this appeal without prejudice and for further review, none of the following are to be construed as the law of the

1

case. If the case comes before us in a second appeal, we will review this matter *de novo* based on the decision of the District Court and on the briefs of the parties filed at that time under our applicable standards of review.

¶3    In 1996, Yvonne Owens purchased land outside of the Kalispell city limits for the purpose of opening a bar and casino. Owens purchased the land from Tom Sands, a certified land surveyor. Prior to the sale, Sands told Owens that he believed the land was within five miles of the Kalispell city limits. Thus, Owens would need to obtain a city all-beverages license, which can cost upwards of $400,000, in order to operate her bar and casino. However, after purchasing the property, Owens applied for a county all-beverages license, which is far less expensive than a city all-beverages license and easier to obtain.

¶4    Section 16-4-201, MCA, and Rule 42.12.130, ARM, establish quotas for all-beverages licenses within five miles of incorporated cities and towns as well as quotas for all-beverages licenses outside of the five-mile limits. In order to obtain a county all-beverages license, Owens was required to submit an application with a certified survey affidavit attesting that her property is more than five miles from the Kalispell city limits.

¶5    After contacting several local surveyors, Owens hired Christopher Balstad of Polson. Balstad did not conduct a radial survey as required by Rule 42.12.130(2)(a), ARM, and instead, used a map and a ruler to determine the distance of the bar to the city limits, an admittedly imprecise method. Balstad later testified that, by his calculations, Owens' property was 5 ¼ miles from the Kalispell city limits. Hence, Balstad signed a certified survey affidavit attesting that Owens' bar and casino is "more than five miles from the

2

incorporated city of Kalispell." Based on the information provided by Owens and an investigation into Owens' background by the Department of Justice (the DOJ), the DOR issued a county all-beverages license for Owens' bar, Dumas Walker's Cowboy Bar & Saloon, effective July 1, 1997.

¶6     In March 1998, the DOJ received information from several sources indicating that Owens' bar was less than five miles from the Kalispell city limits and was, therefore, in violation of § 16-4-201, MCA, and Rule 42.12.130, ARM. Both the DOJ and the DOR decided that a certified radial survey by a certified land surveyor needed to be performed to determine the actual distance from Owens' bar to the Kalispell city limits.

¶7     The DOR hired Eby and Associates (Eby) to perform the survey. Eby concluded that Owens' bar was 4.911 miles from the Kalispell city limits, therefore, Owens was not eligible for a county all-beverages license under Montana law. Based on this survey, the DOR concluded that Owens had provided false information on her application and that the license she had been issued was invalid. Consequently, on November 10, 1999, the DOR issued a Notice of Revocation of License to Owens pursuant to § 16-4-406, MCA.

¶8     Thereafter, Owens retained legal counsel and requested an Administrative Hearing before the DOR. A hearing in the matter was held on March 8 and 9, 2001, before the DOR's Office of Dispute Resolution. The Hearing Examiner issued his Findings of Fact, Conclusions of Law, Memorandum Opinion, and Proposed Order on January 2, 2002, wherein he recommended that Owens' county all-beverages license be revoked for the reasons advanced by the DOR. Owens filed exceptions and objections to the Proposed Order

3

and the DOR filed a response brief. The Director of the DOR heard oral argument on March 18, 2002, and issued a Final Agency Decision on September 4, 2002, ruling in favor of the DOR.

¶9 On October 4, 2002, Owens filed her petition for judicial review in the District Court for the Eleventh Judicial District, Flathead County. Both parties included various documents and exhibits with their briefs. It appears that the District Court reviewed those documents in making its decision rather than the administrative record because the DOR failed to submit the administrative record to the District Court.

¶10 On January 27, 2005, the District Court entered judgment in favor of the DOR. Owens subsequent Motion to Alter or Amend Judgment was denied by the District Court and she appealed. Both parties have since filed their briefs on appeal with this Court.

## DISCUSSION

¶11 In its response brief on appeal, the DOR noted that:

[a] procedural error occurred at the Department of Revenue when [Owens] filed the petition for judicial review. The administrative record was inadvertently not submitted to the district court. This error was just discovered by the Department during the preparation for this brief.

¶12 The Montana Administrative Procedure Act (MAPA), specifically § 2-4-704(1), MCA, requires that the reviewing court confine itself to a review of the record. Furthermore, § 2-4-614(1), MCA, defines what the administrative record must include in a contested case.

The record in a contested case *must* include:
(a) all pleadings, motions, and intermediate rulings;

4

(b)  all evidence received or considered, including a stenographic record of oral proceedings when demanded by a party;

(c)  a statement of matters officially noticed;

(d)  questions and offers of proof, objections, and rulings on those objections;

(e)  proposed findings and exceptions;

(f)  any decision, opinion, or report by the hearings examiner or agency member presiding at the hearing, which must be in writing;

(g)  all staff memoranda or data submitted to the hearings examiner or members of the agency as evidence in connection with their consideration of the case.  [Emphasis added.]

¶13  Here, it appears that, notwithstanding that both parties submitted various documents and exhibits for the District Court's review, the court did not have the administrative record before it when it conducted its review and made its decision.  This is a serious lapse on the part of the DOR and the District Court.  In *O'Neill v. Department of Revenue* (1987), 227 Mont. 226, 230-31, 739 P.2d 456, 458-59, we reiterated that in contested cases under MAPA, the court's review is confined by § 2-4-704, MCA, to *a review of the record* in all but State Tax Appeal Board contested cases.

¶14  A litigant seeking judicial review of the decision of an administrative agency is, by statute, entitled to have the court's decision based on a review of the complete administrative record, not just on whatever documents the parties happen to submit with their briefs.  Moreover, while the DOR has submitted the complete administrative record to this Court on appeal, it is well established that we will not render a decision on appeal based on a record that was not first submitted to the District Court.  *In re Marriage of Abrahamson* (1996), 278 Mont. 336, 340, 924 P.2d 1334, 1336 (citing *Johnson v. Killingsworth* (1995), 271 Mont. 1, 3, 894 P.2d 272, 273).

¶15    We can not tolerate this type of error on the part of the DOR or the District Court.  We caution the DOR to, in future, ensure that in contested cases where a petition for judicial review has been filed, the administrative record is promptly submitted to the District Court. We also caution the District Court to refrain from reviewing such cases without the actual administrative record.  We decline to start down the road of simply turning a blind eye to these sorts of violations.  Therefore, based upon the foregoing,

¶16    IT IS ORDERED that the appeal in this case is DISMISSED without prejudice and is remanded to the District Court for further proceedings consistent with this Opinion and Order.

¶17    IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order by mail to Owens at her last known address, to counsel of record, and to the District Court for the Eleventh Judicial District, Flathead County.

DATED this 22nd day of February, 2006.

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

6