DA 19-0490

FILED
11/10/2020
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0490

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 285

GRIZ ONE FIREFIGHTING,

      Plaintiff and Appellant,

   v.

STATE OF MONTANA, DEPARTMENT OF
LABOR AND INDUSTRY, EMPLOYMENT
RELATIONS DIVISION AND MATTHEW
SEAN WEST,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-18-71
                  Honorable Shane A. Vannatta, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Scott A. Everard, Attorney at Law, Stevensville, Montana

      For Appellee Matthew Sean West:

        Hannah Stone, Milodragovich, Dale & Steinbrenner, P.C., Missoula, Montana

      For Appellee State of Montana:

        Rune Vander Wey, Special Assistant Attorney General, Helena, Montana

                          Submitted on Briefs:  September 16, 2020

                                  Decided:  November 10, 2020

Filed:

                          _____
                                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Griz One Firefighting, LLC ("Griz One") appeals the Fourth Judicial District Court's order denying its petition for judicial review of a default order and determination by the Department of Labor and Industry Wage and Hour Division ("DLI"). Griz One asks us to reverse the District Court's judgment in favor of Matthew Sean West ("West"), awarding him a total of $11,241.50 in back wages, penalties, costs, and attorney fees. We affirm and remand for calculation of attorney fees and costs on appeal.

¶2 We consider the following restated issues:

*1. Did the District Court properly conclude that DLI notified Griz One of West's wage claim?*

*2. Is Griz One entitled to relief on its due process and jurisdictional arguments?*

*3. Was the District Court correct in concluding that Mont. R. Evid. 605 does not apply to a DLI Compliance Specialist?*

*4. Was the District Court's award of attorney fees and costs to West reasonable and based on competent evidence?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 Griz One is a wildland firefighting company based in Missoula, Montana. In the summer of 2017, it hired West as a wildland firefighter engine boss at the rate of $350 per day. West worked for Griz One over several weeks before abruptly quitting his employment. On West's final paycheck, Griz One reduced his pay-rate to $25 an hour, for a total pay of $1,800, instead of the $3,500 he would have received at the $350 per day contract rate.

¶4      DLI received a wage claim from West on November 8, 2017, seeking $1,700 in back wages from Griz One.  On November 9, 2017, DLI mailed a wage claim notice letter ("Notice Letter") to Griz One, informing it of West's wage claim and instructing it on how to proceed if it disputed the claim.  The letter informed Griz One it had until November 23—14 days—to respond.  The Notice Letter also informed Griz One that under § 39-3-206, MCA, and Admin. R. M. 26.16.7556(1)(a), "a penalty of 110% of the wages claimed may be assessed and awarded to the claimant."  Griz One did not respond.

¶5      Based on the initial information West submitted in his wage claim and Griz One's failure to respond to the Notice Letter, DLI issued a Determination against Griz One on December 6, 2017.  DLI found that Griz One owed West $1,700 in unpaid wages and assessed a 110% penalty of $1,870 against Griz One for its failure to respond to the claim. The Determination informed Griz One of its appeal rights; it could request either a redetermination or an appeal to a contested hearing.  The Determination noted that, pursuant to Admin. R. M. 24.16.7534, any request had to be made by December 21— 15 days from the date the Determination was mailed.  A request for redetermination was to contain the reason for the request as well as "any new or additional information that would alter or affect the original Determination."  Griz One did not timely request a redetermination or otherwise respond to the Determination.

¶6      On December 29, 2017, after Griz One did not appeal the Determination or provide DLI the $3,570 in wages and penalties, DLI issued an Order on Default requiring Griz One to provide DLI the full amount due to West within 15 days.  The Order on Default informed Griz One that if it had not received the Determination, it could request administrative relief

3

in accordance with Admin. R. M. 24.16.7544. A copy of the Determination was provided with the order.

¶7 On January 7, 2018, Griz One responded to DLI by letter requesting a redetermination of the wage claim. Griz One stated, "[w]e did not receive [DLI's] Determination for the wage claim by mail," and expressed surprise that the Determination was not sent by certified mail. Griz One's letter explained that Griz One had employed West during the 2017 fire season, that he quit on August 2, 2017, and that he was paid $25 per hour on his final paycheck. The letter enclosed a copy of West's final paystub.

¶8 DLI denied Griz One's request by letter dated January 12, 2018 ("Denial Letter"). Though Griz One's letter untimely requested a redetermination, DLI appears to have treated its letter as a request for administrative relief for failure to receive a determination by mail.[1] DLI denied Griz One's request pursuant to Admin. R. M. 24.16.7544 because "[Griz One] was served properly." The Denial Letter informed Griz One of its right to judicial review.

¶9 Griz One appealed to the District Court, requesting judicial review of DLI's Order on Default and denial of its request for redetermination. Following oral argument, the

---

[1] Even if treated as a request for a redetermination, Griz One did not provide DLI "any new or additional information that would alter or affect the original Determination." Griz One admitted without explanation to lowering West's pay rate and provided DLI a copy of a pay stub DLI already possessed.

4

District Court denied Griz One's petition for judicial review from the bench and held that West was entitled to recover attorney fees and costs.[2]

¶10 West's attorney, Hannah Stone ("Stone"), subsequently filed an affidavit detailing her fees and expenses in the matter, totaling $7,601.50 in attorney and paralegal fees and $70 in court costs. Griz One then filed a document entitled "Jurisdiction Issues and Objections to Attorney Fees," arguing that the initial Notice Letter was defective because it allegedly contained an inaccurate response date and therefore that DLI never had jurisdiction over the matter in the first place. Griz One argued further that the Notice Letter used confusing and misleading language, amounting to a due process violation. Griz One objected to the reasonableness of the claimed attorney fees, arguing among other things that Stone's $210 per hour rate was excessive; her paralegal's $90 per hour rate was excessive; Griz One prevailed on a burden of proof issue and attorney fees therefore should not be awarded; and certain descriptions of work performed were vague and/or improperly redacted.

¶11 The District Court addressed Griz One's objections in its Order Awarding Attorney Fees and Denying Other Motion(s). Finding that the claimed attorney fees and costs were

---

[2] Griz One did not provide this Court the transcript of the oral argument and bench ruling denying its petition for judicial review, as required by Mont. R. App. P. 8(2), 8(3)(a), and 9(1), nor provide a proper appendix to its Opening Brief containing the orders on appeal as required by Mont. R. App. P. 12(1)(i). The only record evidence of the District Court's oral order is a Minute Entry stating:

> Oral arguments were presented. The Court ruled the Respondent [West] is entitled to judgment in his favor along with attorney's fees and costs. Counsel for the Respondent shall file an affidavit for attorney's fees within 10 business days, and the opposing party shall have 10 days to respond. The Court deemed all other motions moot or denied.

proper, Griz One's arguments regarding notice had previously been addressed, and Griz One's personal jurisdiction arguments were untimely, the District Court awarded West $7,671.50 in attorney fees and costs. It entered final judgment in West's favor for $11,241.50 in back wages, penalties, attorney fees, and costs.

## STANDARDS OF REVIEW

¶12 The Montana Administrative Procedures Act ("MAPA") governs judicial review of final agency decisions. *Mont. Fish, Wildlife & Parks v. Trap Free Mont. Pub. Lands*, 2018 MT 120, ¶ 11, 391 Mont. 328, 417 P.3d 1100. "We review agency findings to determine whether they are clearly erroneous." *Talon Plumbing & Heating, Inc. v. State Dep't. of Labor & Indus.*, 2008 MT 376, ¶ 19, 346 Mont. 499, 198 P.3d 213. An agency's conclusions of law are reviewed for correctness. *Talon*, ¶ 19 (citing *Owens v. Mont. Dep't. of Revenue*, 2007 MT 298, ¶ 12, 340 Mont. 48, 172 P.3d 1227). "The same standard of review applies to both the district court's review of the agency decision and this Court's review of the district court's decision." *Trap Free Mont. Pub. Lands*, ¶ 11 (citation omitted). Review is limited to the administrative record. *Owens v. Mont. Dep't. of Revenue*, 2006 MT 36, ¶ 12, 331 Mont. 166, 130 P.3d 1256 (citing § 2-4-704(1), MCA). We do not "substitute [our] judgment for that of the agency as to the weight of the evidence on questions of fact." Section 2-4-704(2), MCA. Under MAPA, a reviewing court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(i) in violation of constitutional or statutory provisions;

(ii) in excess of the statutory authority of the agency;

6

(iii) made upon unlawful procedure;

(iv) affected by other error of law;

(v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; [or]

(vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Section 2-4-704(2), MCA; *see also Trap Free Mont. Pub. Lands*, ¶ 11; *Williamson v. Mont. Pub. Serv. Comm'n.*, 2012 MT 32, ¶ 25, 364 Mont. 128, 272 P.3d 71.

¶13     "We review a district court's award of attorney fees in accordance with § 39-3-214, MCA." *Talon*, ¶ 21.  When based on competent evidence, we do not disturb the amount awarded unless there is an abuse of discretion.  *Talon*, ¶ 21.  A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason, resulting in a substantial injustice.  *Talon*, ¶ 21 (citing *Jarvenpaa v. Glacier Elec. Coop.*, 1998 MT 306, ¶ 13, 292 Mont. 118, 970 P.2d 84).

**DISCUSSION**

¶14     *1. Did the District Court properly conclude that DLI notified Griz One of West's wage claim?*

¶15     Griz One challenges the District Court's conclusion that Griz One failed to rebut the presumption that "[a] letter duly directed and mailed was received in the regular course of the mail."  *See* § 26-1-602(24), MCA.   Griz One first contends that DLI employed the wrong burden of proof when it relied on Admin. R. M. 24.16.7544 in advising Griz One that it "was served properly."  Admin. R. M. 24.16.7544(1) reads:

7

A party which alleges that it did not receive timely notice by mail of the claim, determination or hearing process provided by these rules has the burden of proof of showing that the party ought to be granted relief. The party seeking relief must present clear and convincing evidence to rebut the statutory presumption contained in 26-1-602, MCA, that a letter duly directed and mailed was received in the regular course of the mail.

¶16 Griz One argued—and the District Court agreed—that requiring a party to rebut a disputable presumption found in § 26-1-602, MCA, by clear and convincing evidence is contrary to Mont. R. Evid. 301(b)(2), which allows a disputable presumption to be overcome by a "preponderance of evidence." The District Court concluded nonetheless that Griz One failed to rebut the presumption of delivery under the preponderance of evidence standard.

¶17 Griz One argues that the record lacks sufficient evidence to support a finding that the Notice Letter was mailed. Griz One thus contends that the statutory presumption of delivery on which the District Court relied does not apply, and DLI never established jurisdiction over Griz One. Griz One points to the following as evidence supporting its argument: 1) the Notice Letter has no certificate of service; 2) a "Respondent's Answer to Claim form" the letter notes as enclosed is not present in the record; and 3) there is no "other evidence of mailing," such as witness testimony or a United States Postal Service certificate of mailing.

¶18 Notice Letters are sent to employers pursuant to Admin. R. M. 24.16.7519(2) and 24.16.7527(1); neither rule requires that the Notice Letter contain a certificate of service. Rather, § 24.16.7519(2) provides that it is the job of the Compliance Specialist assigned to an initial wage dispute to notify the employer of the complaint; § 24.16.7527(1) provides

that this notice takes the form of a letter. Section 26-1-602(15), MCA, creates a disputable presumption that an "[o]fficial duty has been regularly performed."

¶19 The District Court found from the administrative record that the Notice Letter was mailed. The record includes a scanned copy of a Notice Letter dated November 9, 2017, addressed to Griz One and signed in pen by a DLI Compliance Specialist. The Determination, the initial Notice Letter, and the Order on Default all were addressed to Griz One's business address. Griz One listed the same business address as a return address in its request for redetermination and received DLI's Denial Letter at that address. There is no evidence that either the Notice Letter or the Determination was returned to DLI as undelivered by the post office. There was substantial evidence that Griz One was receiving mail from DLI at its business address.

¶20 Griz One presents no affirmative evidence, nor sufficient circumstantial evidence, demonstrating that the letter was never mailed. The lack of other record evidence of mailing or of the Notice Letter's enclosure (which Griz One would have had to complete and return) is not enough to overcome the presumption that DLI performed its official duties and mailed the letter.

¶21 The Order on Default states clearly that, should a party not receive the DLI's decision by mail, it may request relief pursuant to Admin. R. M. 24.16.7544. Regardless of the burden of proof used, Admin. R. M. 24.16.7544 is plain that a party must present evidence to overcome the presumption that a letter duly directed and mailed was received in the regular course of the mail. In its request for redetermination, Griz One simply asserted that it did not receive the Determination by mail. Griz One provided DLI no

9

explanation of why it did not receive the first two correspondences yet did receive the Order on Default at the same address. Griz One presented no testimony, sworn or unsworn, to DLI in its request for a redetermination. Griz One's affidavit from its manager Kirk Hennefer, presented for the first time to the District Court, is not entitled to consideration because a court's review of an agency determination "must be confined to the record." Section 2-4-704(1), MCA.

¶22 The record supports the District Court's conclusion that Griz One failed to rebut, by a preponderance of the evidence, the presumption of delivery found in § 26-1-602(24), MCA. The record also reflects that Griz One failed to overcome the presumption that the DLI "regularly performed" its official duty to notify the employer of West's wage claim. We conclude that the District Court properly applied a preponderance of evidence standard notwithstanding the DLI rule's contrary "clear and convincing" burden. The District Court did not clearly err when it found that the Notice Letter was mailed, and it properly applied the statutory presumption of delivery to find that Griz One received the Notice Letter and Determination.

¶23 *2. Is Griz One entitled to relief on its due process and jurisdictional arguments?*

¶24 Griz One argues that the Notice Letter contains several errors that denied it due process and failed to establish jurisdiction to enforce West's wage claim. Griz One claims the Notice Letter inaccurately required Griz One to respond in 14 days—rather than the 15 days allowed by law—and that the Notice Letter contains inaccurate statements of the law, misleading the reader as to the amount of penalties that may be assessed for failure to respond. Griz One raised these arguments to the District Court in its brief objecting to

10

attorney fees. The District Court held that Griz One failed to identify any harm it suffered due to the alleged defects in the Notice Letter—a letter Griz One claims it never received—and that Griz One had waived its jurisdictional arguments by failing to timely assert them.

¶25 The DLI mailed its Notice Letter on November 9, 2017, and required that Griz One's response be postmarked by November 23, 2017, giving a total of 14 days to respond. Griz One contends that § 39-3-216(3), MCA, provides that employers have 15 days to respond. Griz One plainly misreads § 39-3-216(3), MCA, which provides the procedure for requesting a hearing after a *determination* is mailed. "If a party appeals the department's determination within 15 days after the determination is mailed by the department, a hearing must be conducted . . . ."[3] Section 39-3-216(3), MCA. This statute does not mention notice letters at all. Rather, Admin. R. M. 24.16.7527 controls responses to notice letters: "[a] claim is commenced when a letter is mailed to the employer . . . notifying the employer of the claim . . . [t]o be timely, the employer's written response must be delivered to [DLI] by the date specified by the department." Admin. R. M. 24.16.7527(1), (3). Nowhere does the applicable rule mandate a certain number of days for response, and Griz One provides no authority or argument for why § 39-3-216(3), MCA, should control. The District Court's ruling on this issue is affirmed.[4]

---

[3] The Determination sent to Griz One correctly allowed 15 days to file an appeal or request a redetermination.

[4] November 23, 2017, fell on Thanksgiving Day, a legal holiday. Admin R. M. 24.16.7514(1) – Computation of Time Periods, provided Griz One an extra day to respond, effectively granting 15 days in any event.

¶26 Griz One next argues that the Notice Letter contained confusing and inaccurate statements of law regarding the penalties assessed against an employer that fails to respond. The Notice Letter informed Griz One, "pursuant to § 39-3-206, MCA and [Admin. R. M.] 24.16.7556(1)(a), a penalty of 110% of the wages claimed may be assessed and awarded to the claimant." Section 39-3-206(1), MCA, states:

> An employer who fails to pay an employee as provided in this part or who violates any other provision of this part is guilty of a misdemeanor. A penalty must also be assessed against and paid by the employer to the employee in an amount not to exceed 110% of the wages due and unpaid.

Admin. R. M. 24.16.7556(1)(a) states: "The following conduct by the employer constitutes special circumstances that justify the imposition of the maximum penalty allowed by law: (a) the employer fails to provide information requested by the department and/or does not cooperate in the department's investigation of the wage claim."

¶27 Griz One argues that "[i]f the regulation requires the full 110% penalty and [DLI] assesses the same, then Due Process should require that fact to be prominently displayed." According to Griz One, this omission "significantly changes the dollar amount required in the [Notice Letter] and violates Due Process."

¶28 Griz One's argument overlooks that a notice letter informs an employer of a wage claim dispute and how to proceed; a penalty is not assessed until a determination is issued. The Notice Letter accurately informed Griz One that it faced a maximum penalty of 110% of wages claimed, and it accurately referenced the rule explaining what conduct justifies imposing the maximum penalty. There was no due process violation. The District Court's ruling on this issue is affirmed.

¶29   *3. Was the District Court correct in concluding that Mont. R. Evid. 605 does not apply to a DLI Compliance Specialist?*

¶30   The same Compliance Specialist who signed the Denial Letter also signed the certificate of service attached to the Determination.  Griz One argues that by denying its request for a redetermination because "[Griz One] was served properly," the Compliance Specialist acted in a "quasi-judicial capacity" and effectively served as a witness to her own act of serving Griz One the Determination, in violation of Mont. R. Evid. 605.  Though Griz One argued this issue to the District Court in its initial pleadings and briefings, the record Griz One provided this Court does not reflect the District Court's ruling on the issue.  Presumably, the District Court heard Griz One's arguments during the May 22, 2019, oral argument and did not find them persuasive.

¶31   "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point."  Mont. R. Evid. 605.  Griz One provides no authority to support a conclusion that a DLI Compliance Specialist is a judge, or that the decision to deny a request for redetermination is a "trial."  Griz One likewise provides no persuasive argument or authority supporting its contention that the Compliance Specialist here was acting in a "quasi-judicial," rather than in an administrative, capacity or that anything in the Denial Letter constitutes testimony. *See Testimony*, *Black's Law Dictionary* (11th ed. 2019) ("Evidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition.").  Griz One has not demonstrated error in the District Court's implicit rejection of its argument that DLI's process violated Mont. R. Evid. 605.

13

¶32    *4. Was the District Court's award of attorney fees and costs to West reasonable and based on competent evidence?*

¶33    The District Court awarded West attorney fees and costs pursuant to § 39-3-214, MCA. Griz One claims that "[r]easonable attorney fees should not be awarded upon redacted submissions of alleged work performed or upon general [and] vague statements of work performed." It argues that "many of the billing entries . . . do not disclose what was worked upon or what task was completed to advance the case" and that "[m]uch of the private billing was duplicate of efforts of [DLI]." Griz One requests this Court to vacate the District Court's order awarding attorney fees in its entirety or alternatively to remand the order with instructions for the District Court to exclude the vague or general billing items. West urges the Court to affirm the District Court's award of $7,671.50 in attorney fees and costs as supported by substantial evidence and based on a correct application of the law.

¶34    "Attorney fees are allowable only when provided for by contract or statute." *Talon*, ¶ 24 (citing *Chagnon v. Hardy Constr. Co.*, 208 Mont. 420, 424, 680 P.2d 932, 934 (1984)). "Any judgment for the employee in a suit at law for the recovery or collection of wages due must include all costs reasonably incurred in [connection with] the proceeding, including attorney fees." *Talon*, ¶ 24 (citing § 39-3-214, MCA). We will not disturb a district court's fee award that is based on competent evidence unless the challenging party shows an abuse of discretion. *Glaspey v. Workman*, 234 Mont. 374, 377, 763 P.2d 666, 668 (1988); *see also Talon*, ¶ 27.

14

¶35 We use the following guidelines to determine the reasonableness of attorney fees:

(1) the amount and character of the services rendered;

(2) the labor, time and trouble involved;

(3) the character and importance of the litigation in which the services were rendered;

(4) the amount of money or the value of the property to be affected;

(5) the professional skill and experience called for;

(6) the attorneys' character and standing in their profession; and

(7) the results secured by the services of the attorneys.

*Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984.

¶36 Griz One presents the same vagueness arguments to this Court as it did to the District Court, making no argument on how the District Court abused its discretion. The District Court analyzed Stone's affidavit of attorney fees and costs under the *Plath* guidelines, finding each guideline met. The District Court specifically noted that many of the allegedly "vague" entries were redacted to protect attorney-client privilege and attorney work product; our review of those entries supports that finding. The remainder of the entries Griz One references in its briefing either are not as Griz One represents them or otherwise are appropriate, and we affirm the District Court's findings and conclusions regarding them.

¶37 Finally, Griz One does not point to a single billing entry that was duplicative of work DLI performed; Griz One simply makes the general allegation that "much" of the work was duplicative. Because DLI never requested attorney fees, the record does not

15

contain any itemization of the work DLI performed, rendering Griz One's claim of duplicative work unsupported. Griz One has not shown that the fees awarded lacked competent supporting evidence or that the District Court abused its discretion. The District Court's order awarding $7,601.50 in attorney fees and $70 in costs is affirmed.

## CONCLUSION

¶38 For the foregoing reasons, we affirm the District Court's May 22, 2019 order denying Griz One's Amended Petition for Review, its July 11, 2019 Order Awarding Attorney Fees and Denying Other Motion(s), and its July 17, 2019 Judgment in favor of West. West additionally requests attorney fees and costs incurred on appeal. Section 39-3-214(2), MCA, requires the award of reasonable attorney fees and costs to a successful plaintiff in an action for recovery or collection of wages. *See Talon*, ¶ 33; *Chagnon*, 208 Mont. at 425, 680 P.2d at 934. We therefore remand this matter to the District Court for a determination of West's costs and fees on appeal.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA

16